UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Mulualem Anteneh Wohabie,<br><br>  Plaintiff,<br><br>v.<br><br>Kilolo Kijakazi, Acting Commissioner of Social Security,<br><br>  Defendant. | Case No. 2:22-cv-01808-DJA<br><br>**Order** |

Before the Court is Plaintiff's motion for reversal or remand (ECF No. 19) and the Commissioner's motion to remand (ECF No. 22). Plaintiff filed a notice of non-opposition to the Commissioner's motion. (ECF No. 24). Because both Plaintiff and Commissioner agree to the Court remanding the matter for further administrative proceedings under 42 U.S.C. § 405(g), the Court grants Plaintiff's motion to remand in part and denies it in part and grants the Commissioner's motion to remand.

**I.    Discussion.**

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)). When a court reverses an ALJ's decision for error, the court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits…" *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citations omitted).

Here, the Court grants Plaintiff's motion in part and remands the case to the agency for further administrative proceedings. The Court also grants the Commissioner's motion to remand. In her motion for reversal or remand, Plaintiff asks the Court to reverse the final decision of the Commissioner and order the payment of benefits. (ECF No. 19 at 2). In the alternative, she seeks remand for further administrative proceedings. (*Id.*). In the Commissioner's response and motion to remand, the Commissioner argues that reversal and the payment of benefits is inappropriate. (ECF No. 22). However, the Commissioner acknowledges that "the ALJ's hearing decision was not supported by substantial evidence or free of error, specifically with respect to the ALJ's consideration of Plaintiff's subjective complaints." (*Id.* at 4). "The Commissioner thus requests that the case be remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration of the evidence." (*Id.*). In response to the Commissioner's motion to remand, Plaintiff filed a notice of non-opposition. (ECF No. 24). Plaintiff did not file a reply in support of her motion for the Court to reverse and order payment of benefits. The Court thus finds that Plaintiff has abandoned her argument for reversal and payment of benefits. And the Commissioner agrees with Plaintiff's requested relief of remanding the case to the agency for further proceedings.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to remand (ECF No. 19) is **granted in part and denied in part.** It is granted in part regarding Plaintiff's request to remand the action for further proceedings. It is denied in part regarding Plaintiff's request that the Court reverse the findings of the Commissioner and award benefits.

**IT IS FURTHER ORDERED** that the Commissioner's motion to remand (ECF No. 22) is **granted.** The Court remands this case to the Social Security Administration. The Clerk of Court is kindly directed to enter judgment accordingly and close this case.

DATED: June 8, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE